FILED
SEP 1 1 2012
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
          DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| V. | ) CIVIL ACTION NO. |
| | ) |
| RESIDENCE LOCATED AND SITUATED | ) A12CV0843 LY |
| AT 161 SILVER FOX LANE, | ) |
| JOHNSON CITY, BLANCO COUNTY, | ) |
| TEXAS, | ) |
| | ) |
| Respondent. | ) |

## VERIFIED COMPLAINT FOR FORFEITURE

Comes now, Petitioner, United States of America, acting by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney, pursuant to Rule G, Supplemental Rules of Federal Rules of Civil Procedure, and respectfully states as follows:

### I.
### NATURE OF THE ACTION

This action is brought by the United States seeking forfeiture to the United States of the following property:

> Residence located and situated at 161 Silver Fox Lane, Johnson City, Blanco County, Texas, with all buildings, appurtenances, and improvements thereon and any and all surface and sub-surface rights, title and interests, if any, and being more fully described as follows:
>
> A 18.486 acre tract of land being a portion of that 50.68 acre tract of land conveyed to John P. Travis and Tami R. Travis by deed recorded in Volume 174, Page 133, of the official public records of Blanco County, situated in the John C. Wilson survey No. 8, Abstract No. 656, of said County. RESERVATIONS FROM AND EXCEPTIONS TO CONVEYANCE AND WARRANTY FOR ALL OF THE AFOREMENTIONED REAL PROPERTY: Easements, rights-of-way, and prescriptive rights, whether of record or not; all presently recorded instruments, other

than liens and conveyances, that affect the property;

hereinafter referred to as the "Respondent Real Property."

## II.
## VIOLATIONS

This is a civil forfeiture action *in rem* brought against the Respondent Real Property for violations of 21 U.S.C. §§ 801, *et seq.*, subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(7), which state:

> **18 U.S.C. § 981**
>> **(a)(1)** The following property is subject to forfeiture to the United States:
>>> **(C)** Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.
>
> **21 U.S.C. § 881**
>> **(a) Subject property**
>> The following shall be subject to forfeiture to the United States and no property right shall exist in them:
>>> **(7)** All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment.

## III.
## JURISDICTION AND VENUE

The Court has original jurisdiction of all civil actions, suits, or proceedings commenced by the United States under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court has *in rem* jurisdiction over the Respondent Real Property under 28 U.S.C. §§ 1355(b) and 1395(a). Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district.

Further, the Respondent Real Property is located and situated within the jurisdiction of the United States District Court, Western District of Texas, Austin Division, and shall remain within the jurisdiction of this Court pending litigation of this case.

## IV.
## FACTS IN SUPPORT OF VIOLATIONS

This case involves a high-end marijuana grow operation run by John Paul Travis at 161 Silver Fox Lane, Johnson City, Texas, the Respondent Property.

The case against Travis began in July 2012, when agents established a Source of Information (SOI) who said that an individual named Jeremy Gardner was having on and off problems from 2011 through July 2012 with his marijuana grow operation. Gardner's plants were rotting due to insect and temperature problems. The SOI said that as a result of these problems, Gardner was introduced in 2011 to a subject named "John" (later identified as John Paul Travis). Gardner began purchasing two pound quantities of hydroponic marijuana from Travis for approximately $7,000.00. According to the SOI, the most marijuana Gardner purchased from Travis was three pounds for approximately $11,000.00.

In addition, Gardner and Travis began exchanging information about the marijuana growing business. The SOI said he/she had personally seen an indoor grow at the Respondent Property and estimated it to be between five hundred (500) and one-thousand (1,000) marijuana plants. The SOI said that Travis employed two Hispanic men who both resided on the Respondent Property and oversaw the maintenance on the grow operation. The SOI said Gardner would always travel to the Respondent Property when he picked up a quantity of marijuana from Travis.

The SOI estimated that Travis was earning approximately $25,000.00 on a monthly basis

from the marijuana grow operation. In addition, the SOI said he/she has been present when Travis said he feared the Internal Revenue Service (IRS) because he was concealing his income and had no explanation for his lifestyle based on any legitimate earnings. That lifestyle included owning a personal plane, the Respondent Property, and taking trips to Mexico to go scuba diving.

In July 2012, agents requested twelve months of utility consumption from Pedernales Electric for the Respondent Property. The home on the Respondent Property is approximately 3,438 square feet according to the Blanco County appraisal district records. The results reflected that the Respondent Property utilized in excess of 10,000 kilowatt hours of energy each month from August 2011 through July 2012 with an average monthly bill of $1,000. For example the residence utilized 12,811 kilowatt hours of energy in July 2012, with an approximate bill of $1,254.92. According to Pedernales, a comparable sized house would use on kilowatt of energy per square foot or as much as 26,400 kilowatt hours of energy per year. The Respondent Property used approximately 148,666 kilowatt hours during the past twelve months. The high rate of utilities at the Respondent Property is consistent with an indoor marijuana grow operation, given that the equipment used to grow indoor marijuana places a high demand on utilities.

On August 21, 2012, agents obtained a search warrant for the Respondent Property. At that time, Travis was away in Mexico. After his return, on August 31, 2012, agents executed the warrant at the Respondent Property. Inside the home, they seized approximately 813 marijuana plants and approximately 59 pounds of packaged hydroponic marijuana. They also found 3 shotguns, 1 handgun, 1 SKS rifle, and ammunition in Travis's bedroom. The 59 pounds of packaged marijuana was in the same bedroom. In the master bathroom, agents found a black safe that contained bundles of currency totaling $27,404.00. After waiving his Miranda rights, Travis admitted to agents that

he was operating a marijuana grow at the Respondent Property. He said that he had been doing it for at least one year.

Travis has been previously arrested for Possession of Marijuana in Corpus Christi, Texas and for Disorderly Conduct in Austin, Texas. Texas Workforce Commission records reveal that Travis has no record of any wages for the past several years. Agents have not seen any evidence to suggest that Travis is self-employed or earning money from anything other than marijuana sales.

For these reasons, the Respondent Property is subject to forfeiture for violations of 21 U.S.C. § 801 *et seq*, pursuant to 21 U.S.C. § 881(a)(7).

## V.
## PRAYER

WHEREFORE, Petitioner, United States of America, prays that due process issue to enforce the forfeiture of the Respondent Real Property, that due notice pursuant to Supplemental Rule G(4) be given to all interested parties to appear and show cause why forfeiture should not be decreed,[1] that an order to command the Department of the Treasury, Internal Revenue Service to post the Notice of Complaint for Forfeiture in accordance with Rule G, Supplemental Rules of Federal Rules of Civil Procedure and 18 U.S.C. § 985(c)(1)(B), that the Respondent Real Property be forfeited to the United States of America, that the Respondent Real Property be disposed of in accordance with the law, and for any such further relief as this Honorable Court deems just and proper.

---

[1] Appendix A, which is being filed along with this complaint, will be sent to those known to the United States to have an interest in the Respondent Real Property.

Respectfully submitted,

ROBERT PITMAN
United States Attorney

By: *Daniel M. Castillo*

Daniel Castillo
Assistant United States Attorney
816 Congress Avenue, Suite 1000
Austin, Texas 78701
Tel: (512) 916-5858
Fax: (512) 916-5855
Texas State Bar No. 00793481

## **VERIFICATION**

1. I am a Special Agent with the Department of Treasury, Internal Revenue Service, Criminal Investigation Division, assigned to the Austin Division Office, and am the investigator responsible for the accuracy of the information provided in this litigation.

2. I have read the above Verified Complaint for Forfeiture and know the contents thereof; the information contained in the Verified Complaint for Forfeiture has been furnished by official government sources; and based upon information and belief, the allegations contained in the Verified Complaint for Forfeiture are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _____ day of September, 2012.

Reynaldo Carbonell, Special Agent
Department of the Treasury
Internal Revenue Service, CID